CRESTA et al. v. MAXWELL et al.

In re GHIRADELLI'S ESTATE et al.

(Circuit Court of Appeals, Ninth Circuit.   March 27, 1916.)

No. 2597.

BANKRUPTCY ⊛439—REVIEW OF PROCEEDINGS—PETITIONS TO REVISE—JU-
RISDICTION.

　　Act June 7, 1878, c. 160, 20 Stat. 99, repealing Bankr. Act March 2,
1867, c. 176, 14 Stat. 517, provided that such repeal should not invalidate
or affect any pending cause in bankruptcy, but that as to all such pending
cases and all future proceedings therein, and in respect to all rights of
debtors and creditors, except the right of commencing original proceedings,
the acts thereby repealed should continue in full force and effect until the
same should be fully disposed of, as if such acts had not been repealed.
Held, that Bankr. Act July 1, 1898, c. 541, 30 Stat. 553, § 24b (Comp. St.
1913, § 9608), giving Circuit Courts of Appeals jurisdiction to superintend
and revise in matters of law the proceedings of inferior courts of bank-
ruptcy within their jurisdiction, gives a Circuit Court of Appeals no juris-
diction of a petition to revise an order denying a petition to require as-
signees under the act of 1867 to pay certain dividends to the petitioners.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec.
Dig. ⊛439.]

Petition for Revision of Proceedings of the District Court of the
United States for the First Division of the Northern District of Cal-
ifornia; Maurice T. Dooling, Judge.

In the matter of the estate of Domingo Ghiradelli and another, co-
partners as D. Ghiradelli & Co., and individually, bankrupts.   On peti-
tion by Frank Cresta and others to revise an order denying certain re-
lief against T. V. Maxwell and others, assignees.   Petition dismissed.

T. Z. Blakeman, of San Francisco, Cal., for petitioners.
E. J. Pringle, of San Francisco, Cal., for respondents.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.   This is a petition for revision under and by
virtue of subdivision "b" of section 24 of the Bankruptcy Act of July
1, 1898, giving to the several Circuit Courts of Appeal—

"jurisdiction in equity, either interlocutory or final, to superintend and revise
in matter of law the proceedings of the several inferior courts of bankruptcy
within their jurisdiction.   Such power shall be exercised on due notice and
petition by any party aggrieved."

The proceedings in the court below so sought to be revised were
had in the matter of parties adjudged to be bankrupts under and by
virtue of the Bankruptcy Law approved March 2, 1867, and the money
claimed by the petitioner is a portion of two dividends declared in the
course of the administration of that bankrupt estate, one for $252,
and the other for $78.75, for which respective dividends checks were
drawn by the assignees of the estate in favor of the creditor of record
in the proceedings, one Tomaso Cresta, and which checks were paid
by the bank having custody of the bankrupt estate; the petitioner con-
tending, however, to the wrong persons, Cresta being then dead.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We are precluded from deciding or considering the points made in argument on behalf of the petitioner, for the reason that this court is without any jurisdiction in the matter. The Act of Congress of June 7, 1878, c. 160 (20 Stat. p. 99), in repealing the Bankruptcy Law of 1867 and its amended and supplemental act, expressly provided:

"That such repeal shall in no manner invalidate or affect any case in bankruptcy instituted and pending in any court prior to the day when this act shall take effect; but as to all such pending cases and all future proceedings therein, and in respect of all pains, penalties, and forfeitures which shall have been incurred under any of said acts prior to the day when this act takes effect, or which may be thereafter incurred, under any of those provisions of any of said acts which, for the purposes named in this act, are kept in force, and all penal actions and criminal proceedings for a violation of any of said acts, whether then pending or thereafter instituted, and in respect of all rights of debtors and creditors (except the right of commencing original proceedings in bankruptcy), and all rights of, and suits by, or against assignees, under any, or all of said acts, in any matter or case which shall have arisen prior to the day when this act takes effect (which shall be on the first day of September, Anno Domini eighteen hundred and seventy-eight), or in any matter or case which shall arise after this act takes effect, in respect of any matter of bankruptcy authorized by this act to be proceeded with after said last-named day, the acts hereby repealed shall continue in full force and effect until the same shall be fully disposed of, in the same manner as if said acts had not been repealed."

The petition for revision is dismissed, at petitioner's cost.